UNITED STATES of America, Plaintiff,

v.

John C. BEST, Gregory J. Bewick, and Paul F. Conarty, Defendants.

No. 86 CR 442.

United States District Court,
N.D. Illinois, E.D.

April 13, 1987.

Anton R. Valukas, U.S. Atty. by Susan Bogart, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

George P. Lynch, Chicago, Ill., for defendant Best.

James S. Montana, Jr., Susan G. Feibus, Pierce, Lydon, Griffin & Montana, Chicago, Ill., for defendant Bewick.

Leland Shalgos, Chicago, Ill., for defendant Conarty.

## ORDER

BUA, District Judge.

### I.

This order concerns defendants' motions to dismiss, for a bill of particulars, and for discovery. For the reasons stated herein, defendants' motions to dismiss and for discovery are denied and defendants' motion for a bill of particulars is granted in part and denied in part.

### II.

Defendants are charged in a 35–count indictment with various offenses [1] including conspiracy, mail fraud, and racketeering in connection with their duties as employees of American Heritage Savings and Loan Association (Heritage), in Bloomingdale, Illinois. Aside from charging defendants with the mentioned offenses, the indictment seeks forfeiture of properties allegedly obtained by defendants through violation of 18 U.S.C. § 1962. Defendants attack Counts 1 (conspiracy), 2, 3, 7, 8, 9, 10, 11, 12, 19, 20, 24, 25, 26, and 27 (mail fraud), on the ground that these counts charge a violation of "intangible rights" not cognizable under 18 U.S.C. § 1341. Defendants argue that because a "scheme to defraud" within the meaning of 18 U.S.C. § 1341 requires an injury to the victim's property, injury to intangible rights is not embraced by § 1341.

---

1. Defendants are charged with violations of 18 U.S.C. §§ 371, 657, 1001, 1006, 1341 and 1962.

■ In this case the conspiracy and mail fraud counts charge defendants with engaging in a scheme to defraud the account holders of Heritage, the Federal Savings and Loan Insurance Corporation (FSLIC), and the Federal Home Loan Bank Board (FHLBB) out of their right to have the affairs of Heritage conducted honestly, fairly, and free from corruption, dishonesty, fraud, and conflicts of interest. The Seventh Circuit has interpreted § 1341 as proscribing a scheme to defraud an employer of the employer's intangible right to the faithful and honest service of an employee. *See e.g., United States v. Dick,* 744 F.2d 546 (7th Cir.1984); *United States v. Lea,* 618 F.2d 426, 429 (7th Cir.), *cert. denied,* 449 U.S. 823, 101 S.Ct. 82, 66 L.Ed.2d 25 (1980); *United States v. George,* 477 F.2d 508, 513 (7th Cir.), *cert. denied,* 414 U.S. 827, 94 S.Ct. 155, 38 L.Ed.2d 61 (1973). Thus, the charges in the conspiracy and mail fraud counts fall within purview of controlling Seventh Circuit case law.

The government notes that the United States Supreme Court recently granted certiorari in *United States v. Gray,* 790 F.2d 1290 (6th Cir.), *cert. granted,* — U.S. —, 107 S.Ct. 642, 93 L.Ed.2d 698 (1986), and *United States v. Carpenter,* 791 F.2d 1024 (2d Cir.), *cert. granted,* — U.S. —, 107 S.Ct. 666, 93 L.Ed.2d 718 (1986), to decide the following questions:

(1) Should the "intangible rights" doctrine applied to public officials under the mail fraud statute be extended to include the chairman of a political party who does not hold public office?

(2) Was the mail fraud statute improperly expanded to include a person who holds no position in government on "intangible rights" theory that he owes a fiduciary duty to citizens of the state because he exercises influence over some decisions of some state officials?

(3) Should this court reject expansion of the mail and wire fraud statutes cover breaches of purely private work rules, intangible injuries, and incidental mailings and wirings?

Accordingly, unless the Supreme Court decides that the mail fraud statute does not proscribe purely private schemes, defendants' motion is groundless and must be denied.

■ Defendants John Best and Gregory Bewick next motion to dismiss Count 35. In Count 35, the government seeks forfeiture of the following property which was derived from or acquired through the alleged racketeering activity of Best and Bewick: salary, bonuses, commissions, dividends, stock, pension and retirement benefits, and profit sharing plans. According to Fed.R.Crim.P. 7(c)(2), "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment ... shall allege the extent of the interest or property subject to forfeiture." The requirements of Rule 7(c)(2) are met when the indictment gives the defendant notice forfeiture is being sought and identifies the assets subject to forfeiture with sufficient specificity to permit the defendant to marshal evidence in his defense. *United States v. Cauble,* 706 F.2d 1322, 1347 (5th Cir.1983).

Defendants assert that the government's designation of seven broad categories of property is insufficient to meet the Rule 7(c)(2) requirement. In *United States v. Amend,* 791 F.2d 1120 (4th Cir.1986), a similar argument was addressed by the court when the government indictment sought forfeiture of certain real estate, water vessels, and other profits obtained from the defendant's alleged unlawful activity. Addressing the defendant's argument the indictment failed to meet the requirements of Rule 7(c)(2), the court stated:

This court has held that the indictment need not describe each item subject to forfeiture, but that "[t]his can be done in a bill of particulars" ... Here, the government's "open file" policy provided Amend with access to all information in the government's possession and with adequate notice of its intention to seek forfeiture. This process gave her adequate notice of the extent to which forfeiture was sought in the same manner as a bill of particulars would have provided, and she suffered no prejudice as a result of the denial of the bill of particulars. Under the narrow circumstances of this case then, any error in denying her motion for a bill of particulars was harmless. *Id.,* 791 F.2d at 1125–26.

The *Amend* court thus upheld the forfeiture of the two vessels and the specified real estate. *Id.* However, the court reversed the fourth forfeiture finding by the jury covering "all profits" obtained by defendant's participation in the continuing criminal enterprise. *Id.* at 1126. The court ruled that the catch-all language employed by the government violated the procedure enumerated in Fed.R.Crim.P. 31(e) for criminal forfeiture. *Id.* at 1129.

Turning to the case at bar, this court is unable to find that the holdings in *Amend* and *Cauble* require Count 35 to be dismissed for vagueness. The specification found impermissible in *Amend* is far more general and vague than that found in Count 35. As the court held in *Amend,* "the indictment need not describe each item subject to forfeiture...." *Amend,* 791 F.2d at 1125. However, this court expresses some dissatisfaction with the government's failure to give defendants notice as to the time periods in which defendants allegedly obtained the forfeitable classes of property and the extent of their interests in such properties attributable to their alleged racketeering activity. As the count in *Amend* suggested, such additional specification can be supplied by a bill of particulars. The government is thus ordered to provide a bill of particulars apprising the defendants as to the time periods during which defendants obtained the specified classes of property through their alleged racketeering activity and the interest in each of these properties which was allegedly unlawfully obtained.

This ruling is not to be construed as an order granting a bill of particulars on each of the areas described in defendants' motion for a bill of particulars, but instead is limited to the specification ordered above. The remainder of defendants' motion for a bill of particulars is denied in light of the discovery and § 3500 material previously furnished by the government.

Finally, defendants move for discovery of all documents possessed or controlled by the government regarding evidence of uncharged loans which the government will seek to introduce as being in furtherance of the conspiracy charged in Count 1 of the indictment. The government's response to this motion is that the additional loans referred to by defendants will not be explored in any evidentiary detail at trial but only in conjunction with the use of certain summary charts dealing with the effect of the loans on the reported and actual net worth of Heritage during the relevant time period. As the actual documents regarding the uncharged loans will not be discussed in any significant detail at trial and are available to defendants at Household Bank, defendants' motion for discovery is denied.

### III.

For the foregoing reasons, defendants' motion for discovery and motion to dismiss Counts 1, 2, 3, 7, 8, 9, 10, 11, 12, 19, 20, 24, 25, 26, 27, and 35 is denied. Defendants' motion for a bill of particulars is granted in part and denied in part.

IT IS SO ORDERED.